IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAMES CRAIG CLUFF, and KATHLEEN CLARK CLUFF, and THOMAS MEDINA,<br><br>    Appellants,<br><br>vs.<br><br>eCAST SETTLEMENT, and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,<br><br><br><br>    Appellees. | MEMORANDUM DECISION AND ORDER AFFIRMING BANKRUPTCY JUDGE'S MEMORANDUM DECISION REGARDING OBJECTIONS TO CLAIMS<br><br><br><br>Case No. 2:04-CV-978 TS<br><br>Bankruptcy No. 03-32779<br>Bankruptcy No. 03-39152 |

A creditor is eligible to receive payment from the pool of available assets in a bankruptcy case only if its claim is an allowed claim. The Bankruptcy Judge declined to disallow unsecured claims solely for insufficiency of attached documentation, and instead required the Chapter 13 Debtors to also present some evidence that rebuts the merits of

1

the claims.  On the facts of this case, the Court finds no error in the Bankruptcy Judge's Decision and will affirm.

This Court reviews "the bankruptcy court's legal determinations *de novo* and its factual findings under the clearly erroneous standard."[1]  "A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made."[2]

The facts in this appeal are undisputed.  As required by the Bankruptcy Code and Rules,[3] when the Cluffs and Medina (collectively the Debtors) filed their separate bankruptcy cases, they filed schedules listing all of their creditors and debts.[4]  On those schedules, they listed the unsecured claims at issue as undisputed.  After being notified of the bankruptcy cases, their creditors filed proofs of claim in their respective cases.  A

---

[1] *In re Miniscribe Corp.*, 309 F.3d 1234, 1240 (10th Cir. 2002).

[2] *Id.*

[3] 11 U.S.C. §§ 101 through 1330.  All reference in this Decision to the Bankruptcy Code and Federal Bankruptcy Rules of Procedure and Official Forms refer to those in effect on August 23, 2004, the date of the Bankruptcy Judge's Decision.  The Bankruptcy Code has since been substantially revised.  *See* The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCA), Pub.L. 109-8, § 212(2), 119 Stat. 51.  BAPCA is "inapplicable with respect to cases commenced under Title 11 before [its] effective date." Pub.L. No. 109-8, § 1501. The Court need not determine if the Interim Bankruptcy Rules and Official Forms are applicable because the rule and form at issue in this case, Fed. R. Bkrtcy. Proc. 3001 and Official Form 10, are unchanged.  *Compare* Fed. R. Bkrtcy. Proc. 3001 *with* Interim Bankruptcy Rule 3001 adopted by Standing Order Number Two of The Bankruptcy Court for the District of Utah (adopting Interim Rules and Forms).

[4] 11 U.S.C. § 521 and Fed. R. Bkrtcy. Proc. 1007.

proof of claim is "a written statement setting forth a creditor's claim."[5]  Debtors filed objections to many of the proofs of claim filed by their unsecured creditors.  Those objections did not assert the amounts were not owed or the amounts were calculated incorrectly.  Instead, they argued that the documentation attached to the proofs of claim did not fulfill the requirements of Rule 3001(c).  After the objections were filed, the Cluffs amended their schedules to show that the claims at issue were disputed, but still did not state a basis for dispute other than the alleged lack of documentation.

The Federal Rules of Bankruptcy Procedure[6] provide that a creditor asserting "a right to payment," or, in bankruptcy parlance, a "claim,"[7] may file a proof of claim.  If the claim is based on a writing, "the original or a duplicate shall be filed with the proof of claim"[8] and the proof of claim "shall conform substantially to the appropriate Official Form."[9]  The Official Form for a proof of claim requires that for a claim based on a writing, copies of "supporting documents" be attached, but provides that "[i]f the documents are voluminous, attach a summary."[10]  A claim "executed and filed in accordance with" the Bankruptcy Rules "shall constitute prima facie evidence of the validity and amount of the claim."[11]

---

[5] Fed. R. Bkrtcy. Proc. 3001(a) [hereinafter Rule 3001].

[6] Hereinafter Bankruptcy Rules.

[7] 11 U.S.C. § 101(5).

[8] Rule 3001(c).

[9] Rule 3001(a).

[10] Official Form 10, Item 9 (04/04 Rev.).

[11] Rule 3001(f).

Section 502 of the Bankruptcy Code authorizes allowance and disallowance of claims by the bankruptcy court:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects.
>
> (b) Except as provided [in non-applicable subsections] if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . , and shall allow such claim in such amount, except to the extent that– (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is [one of the list of 10 specific reasons].[12]

The Bankruptcy Judge held hearings on the objections. At the hearing, Debtors' counsel generally argued the asserted lack of documentation.[13]

Because the cases involved common issues, the Bankruptcy Judge issued a single Memorandum Decision.[14] In the Decision, the Bankruptcy Judge examined each proof of claim and its corresponding objection. The Bankruptcy Judge noted that the objections to claims were based solely on the grounds of lack of documentation and did not "give a legal or factual reason for the objection"[15] by raising the merits of a defense to a claim. For example, she noted that none of the objections asserted that a debtor did not owe the debt.[16]

---

[12] 11 U.S.C. § 502(a) and (b).

[13] Trans. at 38-56, 75.

[14] *In re Cluff*, 313 B.R. 323 (Bankr. D. Utah 2004) [hereinafter Decision].

[15] The Bankruptcy Judge dubbed such bare objections "formal objections." *Id.* at 338 n.53.

[16] *Id.* at 338.

The Bankruptcy Judge's findings placed each of the objected-to proofs of claim in one of three categories. First, proofs of claim with documentation, including summaries, that she found sufficiently in conformity with the Official Form to be entitled to prima facie validity. She found that the Debtors' bare objections without legal or factual assertion rebutting the evidence in the proof of claim were insufficient evidence to rebut Rule 3001(f)'s presumption of validity.[17] Second, proofs of claim based on a writing where the Bankruptcy Judge found that the documentation was not sufficiently in conformity with the Official Forms and, therefore, were not entitled to prima facie validity. Looking at those specific proofs of claim, she found that while they were not entitled to prima facie validity, they were nonetheless "more than mere pleadings or allegations" and were "some evidence."[18] She found that the Debtors did not put forward an objection on the merits of those claims and, therefore, had not come forward with some evidence to "meet, overcome, or at least equalize" the creditors' statements on the proofs of claim.[19] Because they had not done so, she found that the Debtors had not met their burden on an objection to a filed proof of claim. Third, the proofs of claim which the Debtors had not shown were based on a writing. Because it was not possible to determine if those claims were based on a writing and, therefore, subject to the requirement for attachment of the writing, the Debtors' "lack of documentation" objection was not sufficient grounds to invalidate the

---

[17] *Id*. at 339-40 (Debtors "failed to come forward with any probative evidence that the claims are actually disputed or not owed.").

[18] *Id*. at 340.

[19] *Id.* at 339 (quoting *Garner v. Shier (In re Garner)*, 246 B.R. 617, 623 (9th Cir. BAP 2000)).

claim.[20]  Accordingly, the Bankruptcy Judge overruled all of the Debtors' "claims objections based upon the creditors' failure to attach documentation."[21]

Finally, the Bankruptcy Judge noted that her Decision was only applicable to objections filed by Chapter 13 debtors, a situation where debtors have personal knowledge of the claims.[22]  Thus, this appeal does not involve issues raised by objections to claims filed by a Chapter 7 or 11 trustee.

Debtors appeal the Decision.  Debtors originally contended that the Bankruptcy Judge erred by refusing to disallow proofs of claim because they did not conform with § 502(b) and Bankruptcy Rule 3001.  Debtors raised this argument in five separate variations on appeal, including as a due process challenge, but acknowledge that the five each dealt with the same basic issue.[23]  Debtors also contended that the Bankruptcy Judge erred by shifting the burden of proof to them as objectors to present some evidence in opposition to a filed proof of claim.  Debtors finally contended that the Bankruptcy Judge erred in applying her own announced standard for what constitutes a sufficient "summary" within the meaning of Official Form 10.

---

[20]*Id.* at 340-41.

[21]*Id.* at 326, 343.

[22]*Id.* at 343.

[23]Appellants' Br. at x.

6

Perhaps in recognition that their previous position is the clear minority position,[24] Debtors now concede[25] the main holding of the Bankruptcy Judge's Decision, and the basis of five of their appeal issues, namely that Bankruptcy Rule 3001 does not create an independent reason to disallow a claim.[26] Thus, they concede that the failure to comply with Rule 3001(c)'s requirement is not, by itself, grounds to disallow a claim.[27] This concession resolves many of Debtors' statements of issues on appeal.

But Debtors still contend that if they file an objection merely pointing out a lack of required documentation, that the proof of claim must be denied. They reason as follows: § 502(b)(1) provides that if an objection to a proof of claim is filed, the bankruptcy court, "after notice and a hearing, shall determine the amount of such claim . . . and shall allow such claim . . . except to the extent that– (1) such claim is unenforceable against the debtor . . . under applicable law for a reason other than" the list of specific exceptions.[28] Debtors

---

[24]*E.g. In re Henry*, 311 B.R. 813 (Bankr. W.D. Wash. 2004) (proofs of claim not entitled to prima facie validity because they do not contain sufficient evidence as required by Rule 3001 (c) and (f) may be disallowed if not amended).

[25]Appellant's Reply Br. at 1 ("I agree with the Bankruptcy Judge and the Creditors that . . . Rule 3001(c) does not provide an additional basis for disallowance.").

[26]*Cluff*, 313 B.R. at 331-32.

[27]*In re Joslin*, 344 B.R. 146, 151 (Bankr. D. Kan. 2006); *In re Heath*, 331 B.R. 424, 434-35 (9th Cir. BAP 2005) (noting split of authority and following majority of courts holding that "[n]oncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance" and "[statutory] provisions cannot be enlarged or reduced by the Rules."); *In re Habiballa*, 337 B.R. 911, 915 (E.D. Wis. 2006) (following *Cluff* and holding that even "a claim that does not meet the Rule 3001 standards for prima facie status should not be disallowed without some evidence from the objector.").

[28]11 U.S.C. § 502(b).

contend that this means that the claim cannot be allowed unless the creditor attaches to its proof of claim the same evidence that would be required to obtain a judgment in state or federal court.[29]

This novel interpretation of § 502(b)(1)'s language is unsupported by case law. As noted in the *Joslin* case, the effect of § 502(b)(1) is to allow a bankruptcy trustee to use any defense to a claim that would have been available to a debtor under "applicable law," meaning non-bankruptcy law, including lack of consideration, statute of limitations, and others "too numerous and varied" to be listed.[30] But lack of documentation required by a Bankruptcy Rule and Official Form is not a defense that could have made the claim unenforceable under applicable non-bankruptcy law. Accordingly, this Court finds no error of law in the Bankruptcy Judge's declining to impose such an onerous attachment requirement for proofs of claim for unsecured claims when such a requirement is not found in the plain language of § 502(b)(1) or Rule 3001.[31]

The Court finds no error in the Bankruptcy Judge's conclusion that the proofs of claim in this case that were not sufficient for prima facie validity were nonetheless sufficient to constitute some evidence of the claims, and the objecting party then carries the burden

---

[29] Appellants' Reply at 2.

[30] 344 B.R. at 152 (quoting Lawrence P. King, 4 COLLIER ON BANKRUPTCY ¶ 502.03[2][b] (15th ed. rev. 2005)).

[31] Subsection (c) of rule 3001 lacks the express language of its subsection (d) which does impose a standard of attachment of actual "evidence" for perfection of security interests for proofs of claim for secured claims.

8

of going forward with something to rebut those claims.[32] On the facts of this case, where the objection was solely on the basis of lack of documentation, to hold otherwise would result in the disallowance of claims based only on the failure to attach the documentation required by Rule 3001(c) and Official Form 10–a position that Debtors have conceded.

Understanding that examination of proofs of claim requires consideration and evaluation of each individual claim, the Court finds no error of law in the Bankruptcy Judge's summary of what constitutes a sufficient proof of claim. Reviewing the Bankruptcy Judge's findings on the specific proofs of claim, the Court finds her careful, individualized examination of the proofs of claim and the objections thereto to be supported by the record. Therefore, the Bankruptcy Judge's factual findings on the proofs of claims are not clearly erroneous.

For the reasons stated above, it is therefore

ORDERED that the Bankruptcy Judge's Memorandum Decision Regarding Objections to Claims is AFFIRMED. The clerk of court is directed to close this case.

DATED September 29, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[32] 313 B.R. at 337-38 (citing *In re All-American Auxiliary Assoc.*, 95 B.R. 540, 545 (Bankr. S. D. Ohio 1989)).